Qinyu Fan, Esq.
Hang & Associates, PLLC
136-20 38th Avenue, Suite 10G
Flushing, NY 11354
Fax: (718) 353-8588
Email: qfan@hanglaw.com
*Attorney for Plaintiff*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

---

John Li,

                 Plaintiff,

        - against -

Mr. Wok Modern Chinese Cuisine, Inc. d/b/a Mr. Wok &
Sushi, Simon Cheah, Calvin "Doe", Chiew Chooi Chong

               Defendants.

Case No. 2:20-cv-6777

**COMPLAINT AND JURY**
**TRIAL DEMAND**

---

Plaintiff John Li ("Plaintiff") by and through his undersigned attorneys, Hang & Associates, PLLC, hereby files this complaint against the Defendants Mr. Wok Modern Chinese Cuisine, Inc. d/b/a Mr. Wok & Sushi, Simon Cheah, Calvin "Doe", and Chiew Chooi Chong (collectively "Defendants"), alleges and shows the Court the following:

**INTRODUCTION**

1.      This is an action brought by Plaintiff, alleging violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. ("FLSA") and the New Jersey Wage and Hour Law, N.J.S.A.§34:11-56 et seq. ("NJWHL" hereinafter), arising from Defendants' various willful and unlawful employment policies, patterns and/or practices.

2.      Upon information and belief, Defendants have willfully and intentionally committed widespread violations of the FLSA and NJWHL by failing to pay Plaintiff compensation for all hours worked and overtime compensation for all hours worked over forty (40) each week.

3.      Plaintiff alleges pursuant to the FLSA, that he is entitled to recover from the Defendants: (1) unpaid minimum wages, (2) unpaid overtime wages, (3) unlawful tips reduction, (4) liquidated damages, (5) prejudgment and post-judgment interest; and (6) attorneys' fees and costs.

4.      Plaintiff further alleges pursuant to NJWHL that he is entitled to recover from the Defendants: (1) unpaid minimum wages, (2) unpaid overtime wages, (3) liquidated damages, (4) prejudgment and post-judgment interest; and (5) attorneys' fees and costs.

## JURISDICTION AND VENUE

5.      This Court has original federal question jurisdiction over this controversy under 29 U.S.C. §216(b), 28 U.S.C. § 1331, and has supplemental jurisdiction over the NJWHL claims pursuant to 28 U.S.C. § 1367(a).

6.      Venue is proper in the United States District Court for the District of New Jersey pursuant to 28 U.S.C. §§ 1391(b) and (c), because Defendants conduct business in this District, and the acts and omissions giving rise to the claims herein alleged took place in this District.

## PLAINTIFFS

7.      Plaintiff John Li ("Li") is a resident of New York State and was employed by the Defendants' restaurant, Mr. Wok Modern Chinese Cuisine, Inc. d/b/a Mr. Wok & Sushi ("Mr.

Wok" or "the restaurant" hereinafter) located at One Highwood Avenue, Tenafly, New Jersey 07670.

8.      Plaintiff Li was hired as a waiter to serve food at Defendants' restaurant located at one Highwood Avenue, Tenafly, NJ 07670, from April 15, 2016 to January 27, 2020.

## DEFENDANTS

9.      Upon information and belief, Mr. Wok is a business or enterprise engaged in interstate commerce employing more than twelve (12) employees and earning gross annual sales over Five Hundred Thousand Dollars ($500,000).

10.      Upon information and belief, Mr. Wok has three waiters (including Plaintiff), one waitress, and eight employees in the kitchen.

11.      Upon information and belief, at all relevant times hereto, Mr. Wok has been and continue to be "employer" engaged in interstate "commerce" and/or in the production of "goods" for "commerce", within the meaning of the Fair Labor Standards Act ("FLSA"), 29 U.S.C §203(r).

12.      Upon information and belief, Defendant Simon Cheah (Cheah) is the owner, director, and/or managing agent of Mr. Wok at one Highwood Avenue, Tenafly, NJ 076704 and participated in the day-to-day operations of Mr. Wok. He determined Plaintiff's salary rate. During Plaintiff's employment in Mr. Wok, Defendant Cheah supervised him, and handled Plaintiff's payrolls.

13.      Upon information and belief, Defendant Calvin "Doe" (hereinafter "Calvin") is the manager of Mr. Wok located at one Highwood Avenue, Tenafly, NJ 076704. Calvin is also the niece of Cheah. Calvin participated in hiring and firing employees, supervising employees'

daily work, determining the rate method of payment for employees and maintaining employment records. He personally paid salaries in cash to Plaintiff.

14.     Upon information and belief, Defendant Chiew Chooi Chong (hereinafter "Chong") is the co-owner and director of Mr. Wok located at One Highwood Avenue, Tenafly, NJ 076704. He had the same powers that Cheah did as mentioned above.

15.     Thus, Defendant Cheah, Calvin, and Chong (collectively "individual defendants") acted intentionally and maliciously in management and are employers pursuant to FLSA, 29 U.S.C. §203d, and regulations promulgated thereunder, NJWHL §12:56-2.1and the regulations thereunder.

16.     Plus, individual defendants all acted directly in the interest of Mr. Wok. Therefore, Individual Defendants and Mr. Wok are joint employers of Plaintiff during his employment with Defendants' restaurant business. Therefore, Individual Defendants are jointly and severally liable with Mr. Wok.

17.     At all relevant times, the work performed by Plaintiff was directly essential to the business operated by Mr. Wok.

18.     At all relevant times, Defendants knowingly and willfully failed to pay Plaintiff his lawfully earned minimum hourly wages and overtime compensations, in violation of the NJWHL.

19.     Plaintiff has fulfilled all conditions precedent to the institution of this action and/ or conditions have been waived.

**STATEMENT OF FACTS**

20.     Defendants committed the following alleged acts knowingly, intentionally and willfully.

21.     Defendants knew that the nonpayment of basic minimum hourly wages and overtime compensation would financially injure Plaintiff and violate state and federal laws.

22.     From April 15, 2016 to January 27, 2020, Plaintiff Li was hired by Defendants to work as a waiter to serve food for Defendants' sushi restaurant business located at one Highwood Avenue, Tenafly, NJ 076704.

23.     Throughout Li's employment with Defendants, Plaintiff Li worked five days a week with Wednesdays and Thursdays off.

24.     On Monday and Tuesday, Plaintiff Li would work from around 11:00 am to around 10:00 pm without uninterrupted lunch break. Therefore, Plaintiff Li worked around 11 hours on Monday and Tuesday.

25.     On Friday, Plaintiff Li would work on the same schedule as Monday and Tuesday, except that Li left work at around 11:00 pm Friday. Therefore, Plaintiff Li worked around 12 hours per Friday.

26.     On Saturday, Plaintiff Li would work from around 12:00 pm to around 11:00 pm without uninterrupted break. Therefore, Plaintiff Li worked around 11 hours on Saturday.

27.     On Sunday, Plaintiff Li worked on the same schedule as Saturday, except that Li left work at around 10:00 pm. Therefore, Plaintiff Li worked around 10 hours on Sunday.

28.     Throughout Plaintiff's employment with Defendants, Plaintiff worked around fifty-five (55) hours a week.

29.     From on or around April 15, 2016 to on or around December 31, 2018, Defendants paid Plaintiff Li $25 per day in cash regardless of hours he worked.

30.     Form on or around January 1, 2019 to on or around January 27, 2020, Defendants paid Plaintiff Li $30 per day by cash regardless of hours he worked.

31.     Plaintiff would receive "pay checks" from Defendants for their tax filings purposes. Those checks were not the actual payments paid to Plaintiff as his salaries. After Plaintiff cashed the checks, he was required to return the amount on pay checks in cash to Defendants. Therefore, Plaintiff never actually got any money from those pay checks received by him during his employment with Defendants.

32.     In addition to serving food as a waiter at Mr. Wok, Plaintiff Li would help do some side work, e.g., preparing food, cleaning, preparing delivery orders. Those work usually took more than 2 hours per day.

33.     There was never any agreement regarding tip pooling between Plaintiff and Defendants.

34.     However, Plaintiff was required by Defendants to share among the four waiters/waitress in the restaurant.

35.     Plaintiff would get tips from $30 to $100 per day from tip pooling.

36.     Defendants committed the following alleged acts knowingly, intentionally and willfully.

37.     Defendants did not compensate Plaintiff Li minimum hourly wages as required by the FLSA and NJWHL for all hours worked.

38.     While employed by Defendants, Plaintiff was not exempt under federal and state laws requiring employers to pay employees overtime.

39.     Defendants did not compensate Plaintiff Li overtime wages at a rate of one and a half times of his regular hourly wage for hours over forty a week.

6

40.     Defendants did not provide Plaintiff with written notices about the terms and conditions of their employment upon hire in relation to their rate of pay, regular pay cycle and rate of overtime pay.

41.     Defendants committed the foregoing acts against the Plaintiff.

## STATEMENT OF CLAIM

### COUNT I

### [Violations of the Fair Labor Standards Act—Minimum Wages]

42.     Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

43.     The FLSA requires employers of covered employees who are not otherwise exempt to pay these employees a minimum wage of not less than $7.25 per hour effective July 24, 2009.

44.     The FLSA provides that any employer who violates the provisions of 29 U.S.C. §207 shall be liable to the employees affected in the amount of their unpaid minimum wages compensation, and in an additional equal amount as liquidated damages. 29 USC §216(b).

45.     Here, throughout his employment, Plaintiff Li worked for 11 hours per day on Monday and Tuesday, 12 hours on Friday, 11 hours on Saturday, and 10 hours on Sunday. However, he was paid at a fixed rate of $25 per day regardless of the number of hours he worked a day between April 15, 2016 to December 31, 2018. Plaintiff's average hourly wage was $2.27 (25x5/55).

46.     Between January 1, 2019 to January 27, 2020, Plaintiff was paid at a fixed rate of

$30 per day regardless of the number of hours he worked a day.  Therefore, Plaintiff's average

hourly wage was $2.72 (30x5/55).

47.     Thus, at all relevant times, Plaintiff Li was paid below the FLSA minimum wage

rate ($7.50 per hour).

48.     Defendants' failure to pay Plaintiff at the required statutory minimum wage rate

violates the FLSA.

49.     Defendants knowingly and willfully disregarded the provisions of the FLSA as

evidenced by their failure to compensate Plaintiff at the statutory minimum wage rate when they

knew or should have known such was due and that failing to do so would financially injure the

Plaintiff. Therefore, Plaintiff shall recover from Defendants their unpaid minimum wages, and

additionally an equal amount as liquidated damages.

## COUNT II

### [Violations of the NJWHL—Minimum Wages]

50.     Plaintiff re-alleges and incorporates by reference all preceding paragraphs as

though fully set forth herein.

51.     N.J.A.C. 12:56-3.1 provides the New Jersey State minimum wage rate, and the

rate is adjusted every year. Pursuant to N.J.A.C. 12:56-3.1, in 2016, the minimum wage rate

was $8.38; in 2017, the minimum wage rate was $8.44 per hour; On or after January 1, 2018 the

minimum wage rate was $8.60 per hour."; on or after January 1, 2019, and before July 1, 2019,

the rate became $8.85 per hour; ."; on or after July 1, 2019, the rate became $10.00 per hour;

and on or after January 1, 2020, the rate became $11.00 per hour.

52.     Here, throughout his employment, Plaintiff Li worked for 11 hours per day on Monday and Tuesday, 12 hours on Friday, 11 hours on Saturday, and 10 hours on Sunday. However, he was paid at a fixed rate of $25 per day regardless of the number of hours he worked a day between April 15, 2016 to December 31, 2018. Plaintiff's average hourly wage was $2.27 (25x5/55).

53.     Between January 1, 2019 to January 27, 2020, Plaintiff was paid at a fixed rate of $30 per day regardless of the number of hours he worked a day.  Therefore, Plaintiff's average hourly wage was $2.72 (30x5/55).

54.     Thus, at all relevant times, Plaintiff Li was paid below the New Jersey state minimum wage rate (as listed above).

55.     Defendants' failure to pay Plaintiff at the required statutory minimum wage rate violates the NJWHL, and NJAC.

56.     Defendants knowingly and willfully disregarded the provisions of the NJWHL as evidenced by their failure to compensate Plaintiff at the statutory minimum wage rate when they knew or should have known such was due and that failing to do so would financially injure the Plaintiff. Therefore, Plaintiff shall recover from Defendants their unpaid minimum wages, and additionally an equal amount as liquidated damages.

## COUNT III

### [Violations of the Fair Labor Standards Act—Overtime Wages]

57.     Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

58.     The FLSA provides that no employer engaged in commerce shall employ a covered employee for a work week longer than forty (40) hours unless such employee receives compensation for employment in excess of forty (40) hours at a rate not less than one and one-half times the regular rate at which he or she is employed, or one and one-half times the minimum wage, whichever is greater. 29 USC §207(a).

59.     The FLSA provides that any employer who violates the provisions of 29 U.S.C. §207 shall be liable to the employees affected in the amount of their unpaid overtime compensation, and in an additional equal amount as liquidated damages. 29 USC §216(b).

60.     Also, pursuant to NJWHL 12:56-6.1, for each hour of working time in excess of 40 hours in any week, except for those exemptions set forth in N.J.S.A. 34:11-56a4 or as provided in N.J.A.C. 12:56-7.1, every employer shall pay to each of his or her employees, wages at a rate of not less than 1 and ½ times such employee's regular hourly wage.

61.     Defendants' failure to pay Plaintiff the overtime payments violated the FLSA.

62.     Here, Plaintiff Li worked 55 hours a week throughout his employment. From April 15, 2016 to December 31, 2018, Plaintiff was paid at a fixed rate of $25 per day regardless of the actual number of hours he worked. From January 1, 2019 to January 27, 2020, Plaintiff was paid at a fixed rate of $30 per day regardless of the actual number of hours he worked.

63.     Therefore, at all relevant times, Defendants had, and continue to have, a policy of practice of refusing to pay overtime compensation at the statutory rate of time and a half to Plaintiff for all hours worked in excess of forty (40) hours per workweek, which violated and continues to violate the FLSA, 29 U.S.C. §§201, et seq., including 29 U.S.C. §§207(a)(1) and 215(a).

64.     The FLSA and supporting regulations required employers to notify employees of employment law requirements. 29 C.F.R. §516.4.

65.     Defendants willfully failed to notify Plaintiff of the requirements of the employment laws in order to facilitate their exploitation of Plaintiff's labor.

66.     Defendants knowingly and willfully disregarded the provisions of the FLSA and NJWHL as evidenced by their failure to compensate Plaintiffs the statutory overtime rate of time and one half for all hours worked in excess of forty (40) per week when they knew or should have known such was due and that failing to do so would financially injure the Plaintiff. Therefore, Plaintiff shall recover from Defendants their unpaid overtime wages, and an additional equal amount as liquidated damages.

## COUNT IV

### [Violations of the NJWHL—Overtime Wages]

67.     Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

68.     NJWHL 12:56-6.1 provides that, for each hour of working time in excess of 40 hours in any week, except for those exemptions set forth in N.J.S.A. 34:11-56a4 or as provided in N.J.A.C. 12:56-7.1, every employer shall pay to each of his or her employees, wages at a rate of not less than 1 and ½ times such employee's regular hourly wage.

69.     Defendants' failure to pay Plaintiff his overtime pays violated the NJWHL.

70.     Here, as discussed above, Plaintiff Li worked 55 hours a week throughout his employment. From April 15, 2016 to December 31, 2018, Plaintiff was paid at a fixed rate of $25 per day regardless of the actual number of hours he worked. From January 1, 2019 to

11

January 27, 2020, Plaintiff was paid at a fixed rate of $30 per day regardless of the actual number of hours he worked.

71.     Therefore, at all relevant times, Defendants had, and continue to have, a policy of practice of refusing to pay overtime compensation at the statutory rate of time and a half to Plaintiff for all hours worked in excess of forty (40) hours per workweek, which violated and continues to violate the NJWHL.

72.     The NJWHL and supporting regulations required employers to notify employees of employment law requirements. NJWHL 8:43E-8.6 et seq.

73.     Defendants willfully failed to notify Plaintiff of the requirements of the employment laws in order to facilitate their exploitation of Plaintiff's labor.

74.     Defendants knowingly and willfully disregarded the provisions of the FLSA and NJWHL as evidenced by their failure to compensate Plaintiff the statutory overtime rate of time and one half for all hours worked in excess of forty (40) per week when they knew or should have known such was due and that failing to do so would financially injure the Plaintiff. Therefore, Plaintiff shall recover from Defendants their unpaid overtime wages, and in an additional equal amount as liquidated damages.

## COUNT V

**[Violations of the Fair Labor Standards Act—Improper Retention of Tips/Gratuities]**

75.     Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

76.       29 USC §203 (m) (2) (b)provides that, "An employer may not keep tips received by its employees for any purposes, including allowing managers or supervisors to keep any portion of employees' tips, regardless of whether or not the employer takes a tip credit."

77.       88. Under Title XII of Consolidated Appropriations Act 2018 ("Title XII" hereinafter), Subsection (a) was titled as Prohibition on Keeping Tips, citing, amending, and redesignating Section 29 U.S.C. 203(m). The only purpose of such amendment and redesignation was to make it a separate paragraph emphasizing that, "An employer may not keep tips received by its employees for any purposes, including allowing managers or supervisors to keep any portion of employees' tips, regardless of whether or not the employer takes a tip credit."

78.       Title XII (b) specifies penalties and remedies to tip reduction claims by amending 29 US 216(b) to include that, 1) "any employer who violates section 3(m)(2)(B) shall be liable to the employee or employees affected in the amount of the sum of any tip credit taken by the employer and all such tips unlawfully kept by the employer, and in an additional equal amount as liquidated damages", 2) "the authority and requirements described in this subsection shall apply with respect to a violation of section 3(m)(2)(B)...", and 3) "any person who violates section 3(m)(2)(B) shall be subject to a civil penalty not to exceed $1,100 for each such violation, as the Secretary determines appropriate, in addition to being liable to the employee or employees affected for all tips unlawfully kept, and an additional equal amount as liquidated damages, as described in subsection (b)."

79.       Here, Plaintiff was required to share his tips with three other waiters/waitress without an express agreement about tip pooling. Therefore, Plaintiff Li's tips were unlawfully

deducted by Defendants. Therefore, Defendants conducted unlawful retention of tips under

FLSA.

80.     Due to the Defendants' unlawful retention of tips in violation of the Title XII of

Consolidated Appropriations Act 2018, Plaintiff is entitled to recover from the Defendants the

full amount of tips withheld by Defendants, and an additional equal amount as liquidated

damages.

## **Prayer For Relief**

WHEREFORE, Plaintiff, respectfully request that this court enter a judgment providing

the following relief:

a)     A declaratory judgment that the practices complained of herein are unlawful under

FLSA and NJWHL;

b)     An injunction against Defendants, their officers, agents, successors, employees,

representatives, and any and all persons acting in concert with them as provided by

law, from engaging in each of unlawful practices and policies set forth herein;

c)     An award of unpaid minimum wages due under FLSA and NYWHL, whichever is

greater;

d)     An award of unpaid overtime wages due under FLSA and NYWHL, whichever is

greater;

e)     An award of liquidated and/or punitive damages as a result of Defendants' knowing

and willful failure to pay minimum wages pursuant to 29 U.S.C. §207(a);

f)     An award of liquidated and/or punitive damages as a result of Defendants' knowing

and willful failure to pay minimum wages pursuant to NJWHL;

i)        An award of liquidated and/or punitive damages as a result of Defendants'

knowing and willful failure to pay overtime compensation pursuant to 29 U.S.C. §216;

j)        An award of liquidated and/ or punitive damages as a result of Defendants' willful

failure to pay overtime compensation pursuant to NJWHL;

m)       An award of costs and expenses of this action together with reasonable attorneys'

and expert fees pursuant to 29 U.S.C. §216(b) and NJWHL 34:11-56a25.;

n)        The cost and disbursements of this action;

o)        An award of prejudgment and post-judgment fees;

and

p)        Such other and further legal and equitable relief as this Court deems necessary, just,

and proper.

Dated: Flushing, New York

 May 28, 2020 HANG & ASSOCIATES, PLLC.

                                                    /s/ Qinyu Fan

                                                    Qinyu Fan, Esq.
                                                    136-20 38th Avenue, Suite 10G
                                                    Flushing, New York 11354
                                                    Tel: 718.353.8588
                                                    qfan@hanglaw.com
                                                    *Attorney for Plaintiff*

15