Michael T. Grosso, Esq. (N.J. Bar No. 033922004)
**LITTLER MENDELSON**
A Professional Corporation
One Newark Center, 8th Floor
Newark, NJ 07102.5311
973.848.4700
Attorneys for Served Defendants

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| John Li,<br><br>      Plaintiff,<br><br>  - against -<br><br>Mr. Wok Modern Chinese Cuisine, Inc. d/b/a Mr. Wok & Sushi, Simon Cheah, Calvin "Doe", Chiew Chooi Chong;<br><br>      Defendants. | Civil Action No. 2:20-cv-6777 (KM)(ESK) |

**BRIEF IN SUPPORT OF THE PARTIES' JOINT MOTION
FOR ENTRY OF CONSENT ORDER APPROVING PLAINTIFF'S
<u>SETTLEMENT AND RELEASE OF FLSA WAGE CLAIMS</u>**

On behalf of all parties, Defendants Mr. Wok Modern Chinese Cuisine, Inc. d/b/a Mr. Wok & Sushi ("Mr. Wok"), Simon Cheah, and Calvin Chong (initially sued herein as Calvin "Doe") (collectively, "Served Defendants") hereby submit this memorandum of law in support of the parties' joint motion for entry of a Consent Order approving Plaintiff's settlement and release of any and all claims asserted under the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq. ("FLSA"). Plaintiff's general release of claims against Served Defendants include, but are not limited to, Plaintiff's claims of unpaid minimum wage, overtime compensation, and improperly retained tips and gratuities under the FLSA and New Jersey Wage and Hour Law ("NJWHL").

1

I.      STATEMENT OF RELEVANT FACTS

For a statement of relevant facts, we incorporate herein by reference the accompanying Declaration of Michael T. Grosso, Esq., who is counsel for Served Defendants in this action.

II.     LEGAL ARGUMENT

As will be shown below, the parties believe that the $52,500 settlement of Plaintiff's claims of unpaid minimum wage, overtime compensation, and improperly retained tips and gratuities under the FLSA is fair and reasonable.

"District courts in the Third Circuit have held that FLSA claims can be settled in two ways: (1) with the Department of Labor supervising the payment of unpaid minimum wages or overtime compensation pursuant to 29 U.S.C. § 216(c); or (2) with the district court's approval of a settlement under 29 U.S.C. § 216(b)."  Davis v. Essex County, No. 14-1122, 2015 WL 7761062, at *2 (D.N.J., Dec. 1, 2015) (Cecchi, J.), citing Bredbenner v. Liberty Travel. Inc., Nos. 09-905, 09-1248 and 09-4587, 2011 WL 1344745, at *18 (D.N.J., Apr. 8, 2011) (citing Lynn's Food Stores. Inc. v. United States, 679 F.2d 1350, 1354 (11th Cir. 1982)) and Bettger v. Crossmark, Inc., No. 13-2030, 2015 WL 279754, at *3 (M.D. Pa., Jan. 22, 2015); Brumley v. Camin Cargo Control. Inc., Nos. 08-1798, 10-2461 and 09-6128, 2012 WL 1019337, at *1 (D.N.J., Mar. 26, 2012).  "When employees bring a private action under the FLSA, and present to the district court a proposed settlement pursuant to that Act's § 216(b), the district court may enter a stipulated judgment if it determines that the compromise reached 'is a fair and reasonable resolution of a bona fide dispute over FLSA provisions.'"  Brumley, 2012 WL 1019337, at *2, quoting Lynn's Food, 679 F.2d at 1354; accord Davis, 2015 WL 7761062, at *2.

"While the Third Circuit has not directly addressed the factors to be considered in deciding motions for approval of FLSA settlements, district courts have typically looked to the

considerations set forth in Lynn's Food." Brumley, 2012 WL 1019337, at *2 (citing cases). "A proposed settlement resolves a 'bona fide dispute' when it 'reflect[s] a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute,' rather than 'a mere waiver of statutory rights brought about by an employer's overreaching.'" Davis, 2015 WL 7761062, at *2, quoting In re Chickie's & Pete's Wage & Hour Litig., No. 12-6820, 2014 WL 911718, at *2 (E.D. Pa., Mar. 7, 2014) (quoting Lynn's Food, 679 F.2d at 1354). "In determining whether a compromise is fair and reasonable, courts in this Circuit consider both (1) whether the compromise is fair and reasonable to the employee, and (2) whether the compromise otherwise frustrates the implementation of the FLSA." Davis, 2015 WL 7761062, at *2 (citing cases). "Thus, in determining whether to approve a settlement for FLSA claims, a court must engage in a three-part analysis. First, the court must determine the settlement concerns a *bona fide* dispute. Second, the court must determine the settlement is fair and reasonable to the Plaintiff-employee. And, third, the court must determine the agreement does not frustrate the implementation of the FLSA in the workplace." Id. at *2. All three elements are satisfied here.

First, there are numerous *bona fide* disputes in this action. There are factual disputes about whether Plaintiff, a former waiter, worked overtime and, if so, the amount of overtime he worked each week during his employment with Mr. Wok from on or about April 15, 2016 through on or about January 27, 2020. See Compl. ¶ 22. Plaintiff claims to have worked five days a week and approximately 55 hours each week throughout the course of his entire employment. See Compl. ¶¶ 23-28. While Plaintiff also alleges there was never "any agreement regarding tip pooling between Plaintiff and Defendants" and that he was "required by Defendants to share among the four waiters/waitress in the restaurant," he also acknowledges that he would receive approximately "$30 to $100 per day from tip pooling." See Compl. ¶¶ 33-35.

Served Defendants' argued that there were numerous periods of time where Plaintiff did not show up for work and, as such, Plaintiff did not work overtime during those workweeks. Notably, Plaintiff left employment with Mr. Wok under his own volition, and he does not even allege otherwise in the Complaint. Moreover, contrary to Plaintiff's claims, his actual compensable weekly work hours was approximately 44 hours per week, at most. During his employment, Plaintiff and his colleagues had numerous meal and rest breaks throughout the day (specifically the time period lunch and dinner, which is common in Chinese restaurants). Further, the suggestion that Plaintiff, a waiter, who worked for Mr. Wok for nearly four years, did not receive his tips or was unaware of the tip pooling policy organized and maintained by the waiters would be refuted by a number of the Defendants' witnesses. Thus, there are *bona fide* disputes that would otherwise require a trial to resolve. See Davis, 2015 WL 7761062, at *3; Brumley, 2012 WL 1019337, at *6; Gabrielyan v. S.O. Rose Apartments LLC, No. 15-1771, 2015 WL 5853924, at *2 (D.N.J., Oct. 5, 2015) (Cecchi, J.); Lucia v. McClain & Co., Inc., No. 11-930, 2015 WL 8361763, at *2 (D.N.J., Dec. 8, 2015) (Cecchi, J.).

Second, the settlement terms regarding Plaintiff's claims for minimum wage, overtime compensation, and improperly retained tips and gratuities claims under the FLSA and NJWHL are fair and reasonable to Plaintiff. Based on Plaintiff's allegations in the Complaint, and Defendants' defenses summarized above, the parties agreed to settle Plaintiff's claims by paying Plaintiff a settlement sum in the amount of $52,000, payable over 10 equal monthly installments. This compromise or settlement amount covers Plaintiff's claims for unpaid minimum wage, overtime compensation, some liquidated damages, and Plaintiff's attorney's fees. See Davis, 2015 WL 7761062, at *4; Gabrielyan, 2015 WL 5853924, at *2; Lucia, 2015 WL 8361763, at *2.

The parties did not resolve this claim until they had engaged in substantial settlement discussions; thus, they had more than sufficient information on which to base a fair compromise. Had the parties not settled this claim at this time, they would have had to engage in discovery, including party depositions, as well as motion practice following the conclusion of discovery, at significant out-of-pocket expense and fees that would not be warranted by the amount at stake. Moreover, there was risk of loss to both sides, as there may have been factual and credibility issues relating to the number of hours Plaintiff worked, the amount of pay he received, which would have warranted a trial.

Notably, this settlement payment of Plaintiff's FLSA and NJWHL claims is also based on Served Defendants' inability to pay a sum larger than that reached in settlement due to a general business downturn common to the hospitality industry because of the current COVID-19 pandemic. The parties note that Plaintiff's attorneys are receiving their fees in each of the 10 monthly installments of the overall settlement payment. Overall, this FLSA and NJWHL wage settlement is fair and reasonable. See Brumley, 2012 WL 1019337, at *4-5.

Third, the instant settlement does not frustrate the purposes of the FLSA. With Served Defendants continuing to deny that Plaintiff regularly worked overtime or that he was deprived of minimum wage and overtime compensation to which he was entitled, and with the parties agreeing to settle a *bona fide* dispute on terms that pay Plaintiff's various wage and hour claims, the purposes of the FLSA have been satisfied. See Davis, 2015 WL 7761062, at *4; Gabrielyan, 2015 WL 5853924, at *2.

## III.  CONCLUSION

For the foregoing reasons, the parties' joint motion for entry of a Consent Order approving of Plaintiff's settlement release of his FLSA wage claims should be granted, and the Court should enter the accompanying Consent Order.

                Respectfully submitted,

                Littler Mendelson, P.C.
                One Newark Center
                1085 Raymond Blvd., 8th Floor
                Newark, NJ 07102
                Phone (973) 848-4708
                Attorneys for Served Defendants

                By: /s_ *Michael T. Grosso*
                      Michael T. Grosso

Dated: December 15, 2020
      Newark, New Jersey

4836-3259-2851.1 108652.1001